GRIFFIN, Judge,
dissenting.
The majority says the issue in this case is whether the breathalyzer administered to the defendant should be suppressed, regardless of whether it was accurate or inaccurate, because the defendant was refused the right to a blood test. If that is the issue, then I join with Judge Harris in dissenting.
Section 316.1932(l)(f)3 provides that a person who has submitted to a test as required by the implied consent law is given the right, at his own expense, to have another qualified person or other person of his own choosing also administer tests. The obvious purpose of this statute is to afford an individual the opportunity to verify or challenge the accuracy of the test given by law enforcement and to document any discrepancy. As Judge Harris has noted, such testing is extremely time-sensitive; the more time that passes between the administration of the two sets of tests the less precise or persuasive the correlation. The statute does provide that the “failure or inability to obtain an additional test by a person” does not preclude the admissibility in evidence of the test taken at the direction of law enforcement. That provision cannot logically mean, however, that when law enforcement takes the defendant into custody (based upon the very test which the defendant seeks to audit), the custodian has no duty to facilitate the exercise of this important right. In my view, the very status as custodian places a duty on the jailer to offer reasonable assistance.
W. SHARP, J., concurs.